NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JAN 9 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

NATASHA BECKETT,

         Plaintiff-Appellant,

  v.

BANK OF AMERICA, NA,

         Defendant-Appellee.

No.   18-55086

D.C. No.
2:17-cv-08328-PA-AS

MEMORANDUM[*]

---

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted January 6, 2020[**]
San Francisco, California

Before: WALLACE and FRIEDLAND, Circuit Judges, and HILLMAN,[***]
District Judge.

     Plaintiff-Appellant Natasha Beckett ("Ms. Beckett") appeals from the

dismissal, without leave to amend, of her California common-law fraud claim

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

    [***]   The Honorable Timothy Hillman, United States District Judge for the District of Massachusetts, sitting by designation.

against Defendant-Appellee Bank of America, NA ("Bank of America"). She argues that the district court erred in concluding that her claim was time-barred because, under either the delayed discovery or estoppel by fraudulent concealment defenses, her claim did not accrue until she learned about the fraud, *i.e.*, when she read a law firm advertisement posted by her attorneys. We disagree.

These defenses only delay accrual until a plaintiff "has, or should have, inquiry notice of the cause of action." *Fox v. Ethicon Endo-Surgery, Inc.*, 110 P.3d 914, 920 (Cal. 2005); *see also Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049, 1057 (9th Cir. 2008). Given the volume of missing or allegedly incomplete applications (five), the number of home inspections charged to her account (twenty-five), and her receipt of a notice of foreclosure shortly after she was approved for—and made several timely payments under—a loan modification plan, Ms. Beckett was on inquiry notice of fraud by, at the latest, the January 2011 short-sale of her home. She thus cannot benefit from either defense.

Ms. Beckett also challenges the district court's denial of leave to amend her Complaint. However, the district court did not err because any amendment would have been futile. *See Deutsch v. Turner Corp.*, 324 F.3d 692, 717–18 (9th Cir. 2003).

For these reasons, the district court's dismissal of Ms. Beckett's claim is

**AFFIRMED.**

2